IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HONEYWELL TECHNOLOGY SOLUTIONS, INC.** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DEPARTMENT OF THE AIR FORCE,** )<br>**Defendant.** )<br>)<br>) | Case No. 1:05CV01772 (TFH) |

_____

**ANSWER TO COMPLAINT**
_____

Defendant, the Department of the Air Force, by its undersigned attorneys, hereby responds to the Complaint filed in this matter by the Plaintiff.

In response to the numbered and unnumbered paragraphs of the Complaint, defendant admits, denies, or otherwise answers as follows:

1. The statements contained in Paragraph 1 of the complaint are plaintiff's characterization of jurisdiction and venue in this matter and conclusions of law, which require no response. To the extent that at answer is deemed required, admit that the Court has subject matter jurisdiction and that venue lies in this Judicial District.

2. The first three sentences of Paragraph 2 is the plaintiff's characterization of itself which requires no response. Admit the last sentence.

3. The Defendant admits paragraph 3, line 1. The Defendant denies the remainder of paragraph. Los Angeles Air Force Base, California, is a part of Air Force Space and Missile Systems Center, Air Force Space Command, not Air Force Materiel Command. The Defendant

further denies that the FOIA information in question is a trade secret, confidential commercial or confidential financial information, and also denies the scope of the injunctive relief requested.

4. The Defendant admits paragraph 4, line 1 through September 6, 2005 of line 2. The Defendant denies remainder of the paragraph insofar as it alleges the information that plaintiff seeks to protect is trade secret information and confidential commercial or financial information, that the information would not otherwise be made available to the public and that the release of this information would case substantial competitive and irreparable harm to Honeywell.

5. The statements contained in Paragraph 5 of the complaint are conclusions of law, which require no response. To the extent that an answer is deemed required, deny.

6. The statements contained in Paragraph 6 of the complaint are conclusions of law, which require no response. To the extent that an answer is deemed required, deny.

7. The statements contained in lines 1-5 of paragraph 7 of the complaint are plaintiff's characterization of the relief sought in this matter, which requires no response. Defendant admits the remainder of the paragraph with the exception of the term "technical and pricing information" insofar as it refers to "trade secret and confidential commercial and financial information."

8. The Defendant admits paragraph 8 insomuch as the matter involves a FOIA request for Contract No. F04701-02-D-0006, a contract between Honeywell and the Air Force.

9. As to paragraph 9, sentence 1, the Defendant does not have sufficient information to admit or deny the allegation as written, and therefore denies. The Defendant admits paragraph 9,

sentence 2.  As to paragraph 9, sentence 3, the Defendant does not have sufficient information to admit or deny the allegation as written, and therefore denies.

10.  The Defendant admits the first sentence of Paragraph 10 of the complaint to the extent it refers to the Request for Proposal (RFP) that resulted in contract number F04701-02-D-0006.  The second and third sentences are characterizations of words and phrases defined in a contract of a different type than the "Contract" at issue here.  To the extent that a response to these sentences is required, the defendant does not have sufficient information to admit or deny the allegation as written, and therefore denies.

11.  The Defendant admits paragraph 11, sentence 1.  The Defendant denies paragraph 11, sentence 2, insomuch as it alleges that Honeywell developed its own SOW and described its own unique technical solution.  The Defendant admits paragraph 11, sentence 3.

12.  The first two sentences of Paragraph 12 is the Plaintiff's characterization of the Air Force budget system and contracting award system.  This is an incomplete statement of those systems; therefore, the defendant denies.  Paragraph 12 also states the how the Plaintiff's understanding of both of these systems influenced their business strategy, to which the defendant does not have sufficient knowledge or information, and therefore denies.

13.  This is an incomplete statement of the Contract information; therefore, defendant denies this Paragraph.

14.  The Defendant is without sufficient knowledge or information that would enable it to form a belief as to the truth of the matters contained in paragraph 14 and therefore the Defendant denies paragraph 14, except for the averment that Honeywell was selected for the contract.

15.  The Defendant admits paragraph 15, sentence 1.  The Defendant denies the remainder of the paragraph.

16. The Defendant is without sufficient knowledge or information that would enable it to form a belief as to the truth of the matters contained in paragraph 16 and therefore the Defendant denies paragraph 16.

17. The Defendant does not have sufficient information to admit or deny the allegation as written, and therefore denies.

18. The Defendant admits paragraph 18, sentence 1. The Defendant is without sufficient knowledge or information that would enable it to form a belief as to the truth of the matters contained in paragraph 18, sentence 2 and therefore the Defendant denies paragraph 18, sentence 2. The Defendant admits sentence 3 and adds that Honeywell sought an extension of time to respond to FOIA notification, which the Air force granted, prior to providing its response.

19. The Defendant admits paragraph 19, sentence 1. The Defendant denies the remainder of the paragraph as it is incomplete statement of the defendant's reasons and asserts conclusions of law and fact propounded by the Plaintiff.

20. The Defendant denies paragraph 20 insofar as it alleges that the information provided by the Plaintiff provided additional factual and legal support for its objections, that the information was confidential commercial and financial information and that substantial competitive harm would result as a result of its release. Defendant admits the first sentence of Paragraph 20 to the extent it alleges that on 30 Jul 05, the plaintiff submitted its reasoning in support of its objection to the release of contract and/or contract information in response to the FOIA request for contract number F04701-02-D-0006 and, that the submission asserted that plaintiff would suffer competitive harm if the unit prices were released. The Defendant admits the second and third sentences of the paragraph insofar as it alleges plaintiff's submission on 30 Jul 05 included affidavits from Ms Debra Brown and Mr Kimberly Quail that asserted that the

contract contained confidential commercial and financial information and that plaintiff would suffer competitive harm if the contract and/or contract information were released. To the extent that the affidavits may be considered allegations of fact, they are denied. The defendant does not have sufficient information to admit or deny the allegation in the fourth sentence, and therefore denies.

21. The Defendant admits paragraph 21.

22. The statements contained in Paragraph 22 of the plaintiff's complaint are plaintiff's characterization of the legal issues in this case, which require no response. To the extent that they may be considered allegations of fact, they are denied.

23. The statements contained in Paragraph 23 of the plaintiff's complaint are plaintiff's characterization of the legal issues in this case, which require no response. To the extent that an answer is deemed required, admit that the August 18, 2005 letter constitutes final agency action.

24. Paragraph 24 is a description of words and phrases placed on the Honeywell contract proposal for Contract No. F04701-02-D-0006 by Honeywell, of which the proposal is the best evidence. To the extent that a response is required, the Defendant denies paragraph 24.

25. Defendant is without sufficient knowledge or information that would enable it to form a belief as to the truth of the matters contained in Paragraph 25 of the complaint and therefore denies it.

26. Defendant is without sufficient knowledge or information that would enable it to form a belief as to the truth of the matters contained in Paragraph 26 of the complaint and therefore denies it.

27. The statement contained in Paragraph 27 of the complaint that plaintiff voluntarily furnished pricing information to the Air Force is a conclusion of law, which requires no

response. However, to the extent that it may be considered an allegation of fact, it is denied. Defendant is without sufficient knowledge or information that would enable it to form a belief as to the truth of the other matters contained in Paragraph 27 of the complaint and therefore denies them.

28. Paragraph 28 of the complaint is a conclusion of law, which requires no response. To the extent that a response is required, the Defendant denies paragraph 28.

29. Paragraph 29 of the complaint is a conclusion of law, which requires no response. To the extent that a response is required, the Defendant denies paragraph 29.

30. Paragraph 30 of the complaint is a conclusion of law, which requires no response. To the extent that a response is required, the Defendant denies paragraph 30.

31. Paragraph 31 of the complaint is a conclusion of law, which requires no response. To the extent that a response is required, the Defendant denies paragraph 31.

32. Paragraph 32 of the complaint is a conclusion of law and plaintiff's improper characterization of Air Force policy, which requires no response. To the extent that a response is required, the Defendant denies paragraph 32.

33. Defendant restates and incorporates by reference paragraphs 1-32 of this Answer.

34. Paragraph 34 of the complaint is a conclusion of law, which requires no response. To the extent that a response is required, the Defendant denies paragraph 34.

35. Defendant admits the Trade Secrets Act prohibits disclosure of trade secrets, but denies the information plaintiff seeks to protect constitutes trade secrets.

36. Paragraph 36 of the complaint is a conclusion of law and plaintiff's improper characterization of Air Force policy, which requires no response. To the extent that a response is required, the Defendant denies paragraph 36.

37. Paragraph 37 of the complaint purports to characterize Federal Acquisition Regulation (FAR) §§ 3-104-2, 15.503, 15.506 and 15.609. The Court is respectfully referred to the FAR for a full and accurate statement of each section's contents. To the extent that a response is required, the Defendant denies paragraph 37.

38. Defendant restates and incorporates by reference paragraphs 1-37 of the Answer.

39. Paragraph 39 of the complaint is a conclusion of law, which requires no response. To the extent that a response is required, the Defendant denies paragraph 39.

40. Paragraph 40 of the complaint is a conclusion of law, which requires no response. To the extent that a response is required, the Defendant denies paragraph 40.

The remainder of the Complaint constitutes Plaintiff's Prayer for Relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

All averments not specifically admitted are hereby denied.

WHEREFORE, Defendant respectfully requests this Court deny all seven of the plaintiff's listed requests for relief in the prayer for relief in the complaint and enter judgment for defendant.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN., DC Bar #451058
United States Attorney

_____/s/_____
R. CRAIG LAWRENCE, Bar #171538
Assistant U.S. Attorney

_____/s/_____
PETER D. BLUMBERG, DC Bar #463247
Assistant U.S. Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7157

OF COUNSEL:
ALEXIS N. STACKHOUSE, Captain, USAF
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Boulevard, 7th Floor
Arlington, VA 22209
Ph: (703) 696-9101
Fx:  (703) 696-9198